EDWARD M. HANRAHAN COMPANY, in Behalf of Itself and Other Creditors of HARRY I. PROTZMAN, Appellant, *v.* HARRY I. PROTZMAN and Others, Respondents.

Third Department, December 28, 1916.

Pleading — complaint seeking to enforce trust for benefit of creditors — complaint not stating cause in equity to set aside fraudulent transfers — when plaintiff need not exhaust remedy at law — demurrer.

A complaint which in substance alleges that the defendant while indebted to the plaintiff transferred his business to his wife without other consideration than the wife's agreement to pay her husband's creditors, including the plaintiff, and that the wife having become indebted in the conduct of the business in her turn conveyed the same to another person, the consideration for the transfer being paid to a trustee for the payment of creditors, and that the trustee is paying the proceeds to the creditors of the wife in preference to the creditors of the husband, whereby the creditors of the husband are hindered, delayed and defrauded in collecting their claims, is not subject to demurrer upon the ground that it fails to show that the plaintiff has not exhausted its remedy at law by a recovery of judgment and return of execution unsatisfied before action brought. This because the complaint is not in equity to set aside the transfers as in fraud of creditors, but on the contrary directly affirms the transfers and is brought at law by a *cestui que trust* under the trust agreement.

APPEAL by the plaintiff, Edward M. Hanrahan Company, from two orders of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 20th day of July, 1916, sustaining the separate demurrers of the defendants Rollin W. Meeker, as trustee of funds in his possession belonging to Harry I. Protzman, and Rollin W. Meeker, as trustee of funds in his possession belonging to Bessie H. Protzman, to the complaint.

*Thomas J. Keenan,* for the appellant.

*Laverne M. Twining* [*Rollin W. Meeker* in person, of counsel], for the respondents.

KELLOGG, P. J.:

The complaint alleged, in substance, that the defendant Harry I. Protzman, while indebted to the plaintiff, and on the 16th day of August, 1915, transferred and delivered to his wife a bill of sale of the lease, the furniture, fixtures and equipment of the Hotel Bennett, together with the hotel and restaurant business there being carried on, including the cigar, billiard and pool licenses and liquor tax certificates, and that on the 29th day of February, 1916, she sold and transferred the property to Grant H. De Ved, including any accumulations and additions thereto while the business was conducted in her name, and that De Ved took possession and has since been conducting the hotel; that the transfer by Protzman to his wife was voluntary and without consideration, and upon the express understanding between them that from the property and business she should pay his creditors, including the plaintiff; that merely a naked title passed to her, and that the property and its proceeds were to be used for the benefit of his creditors, and that the property was accordingly held in trust by her for creditors, and that the transfer to De Ved conveyed the interest which she had in the property personally and in trust, and that the consideration by De Ved for the purchase was the assumption of a $10,000 chattel mortgage covering certain property in the hotel, and $25,000 in cash paid to the defendant Meeker, an attorney and counselor, as trustee, who has since and now is disbursing the same to her creditors, and

that it is the intention of the wife and the trustee that her creditors shall be paid in preference to his creditors, and that the said trustee has so stated; that at the time of the transfer to the wife the total debts of the husband were about $8,600, and that the debts of the wife contracted after the assignment to her approximate $12,000, and that Meeker, as trustee, is hindering, delaying and defrauding the husband's creditors; that neither the husband nor wife, aside from their interest in the hotel, had any property or business; that the husband's residence is unknown, his wife is a non-resident of the State, and that unless a lien is impressed upon the money in the hands of the trustee the plaintiff will be unable to collect his debt; that a request for payment has been made upon the trustee and he has refused to pay.

The husband and wife, by separate demurrers, demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. A separate order was made sustaining the demurrers upon the ground that there was a failure to state a cause of action in that it does not appear that the plaintiff has exhausted its remedy at law by the recovery of judgment and return of execution unsatisfied before action brought.

I think the Special Term misinterpreted the cause of action. The plaintiff is not seeking to set aside the transfer from the husband to the wife as in fraud of the creditors, but is directly affirming it. The position is that the property of the husband was transferred to the wife as trustee for the purpose of being applied to the payment of his debts, and that the wife, after carrying on the business for a while, transferred the trust property and her additions to it to another and placed $25,000 of the proceeds in the hands of Meeker as trustee, and that he has not applied it according to his duty under the circumstances. If the wife sold the trust property and turned the consideration over to Meeker as trustee the *cestui que trust* can follow the funds which the wife placed in his hands as trustee. There may be difficulty in determining what part of the proceeds the plaintiff can reach, but that question is for the trial court. The admissions by the demurrer show clearly that the plaintiff is entitled to relief. The interlocutory judgment should, there-

fore, be reversed, with costs, and the demurrers overruled, with costs, with the usual permission to the defendants to answer within twenty days after service of a copy of the order entered hereon upon payment of costs in both courts. But one bill of costs will be allowed.

All concurred.

Interlocutory judgment reversed, with costs, and the demurrers overruled, with costs, with usual leave to defendants to answer within twenty days after service of copy of order entered hereon on payment of costs in both courts. But one bill of costs is allowed.